UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SALAMA MOHAMED SALAMA
ABDELRAHMA ELSAYED,

Petitioner,

v. Case No. 3:26-cv-1733-MMH-LLL

WARDEN, BAKER CORRECTIONAL
INSTITUTION and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Salama Mohamed Salama Abdelrahma Elsayed, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on July 6, 2026. Elsayed, a citizen of Egypt, entered the United States without inspection on March 15, 2024. Id. at 3. On April 30, 2026, United States Immigration and Customs Enforcement detained Elsayed. Id. at 4. The crux of Elsayed's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. Id. at 6–8. As relief, he requests an individualized bond hearing or, in the alternative release. Id. at 10.

The Federal Respondent recognizes that Elsayed is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals'

recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Doc. 12 at 1. Nevertheless, the Federal Respondent argues that Elsayed has not exhausted his administrative remedies, and therefore, asks the Court to dismiss the Petition. Id. at 3.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Elsayed has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge and received a ruling. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Elsayed filed the initial Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Elsayed, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases

arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Elsayed's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden's Motion to Dismiss (Doc. 11) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/16
c:
Counsel of Record